May Term,
1838.

M'NITT, for the use of BABCOCK, v. HATCH.

M'NITT
v.
HATCH.

The legal interest in a promissory note, though payable to bearer, is not trans-
ferable by delivery under the statute, unless the note be payable at some
chartered bank within the state.
A suit on a promissory note must be brought in the name of the person who
has the legal interest in the note.

ERROR to the *Elkhart* Circuit Court.

Monday,
June 4.

BLACKFORD, J.—Debt on a promissory note commenced be-
fore a justice of the peace. The suit was brought by *Samuel
M'Nitt*, for the use of *Thomas J. Babcock*, against *Timothy A.
Hatch*. The following cause of action was filed: " Action of debt
founded on a note as follows: 'Due *M'Nitt* (meaning the said
plaintiff) or bearer 35 dollars, nine months from date, for value
received. *Mexico*, 10th *May*, 1828.' (Signed by the said defend-
ant by the description of *T. A. Hatch*.) The said *Babcock* is the
bearer of the note, and has the beneficial interest in the same. The
defendant refuses to pay the note or any part thereof for the
use aforesaid. To the damage of the plaintiff, for the use
aforesaid, 20 dollars. Hence this suit is brought.—*J. A. Lis-
ton*, att'y for the plaintiff." Plea, the general issue. The jus-
tice gave judgment for the defendant, and the plaintiff appealed
to the Circuit Court. Judgment in the Circuit Court for the
defendant.

The point decided by the Circuit Court was, that the
note did not tend to support the cause of action. This deci-
sion is erroneous. The defendant's objection to a recovery is,
that as the declaration shows *Babcock* to be the bearer and
beneficial owner of the note, the suit should have been in his
name. But there is no good ground for this objection. The
note being payable to *M'Nitt* or bearer, and the payee not
having assigned it by indorsement, we are of opinion that the
legal title to it is in *M'Nitt*.

Promissory notes are not negotiable either by indorsement
or delivery, according to the common law. By the *English*
statute of *Anne*, they are negotiable; and, when payable to
bearer, they are, by that statute, transferable by delivery.
But that act is not in force here. Our statute on the subject
enacts, that promissory notes, payable to any person or per-
sons, shall be assignable by an *indorsement* thereon. But it

May Term, 1838.

has no expression in it tending to show that any notes are transferable *by delivery*, except such as are payable to bearer, and at some chartered bank within the state. R. C. 1831, p. 93.

The note under consideration was not payable at a chartered bank within the state, and was not therefore transferable by delivery. It follows, that the mere fact that *Babcock* was the *bearer* of the note, did not show that he was the legal owner of it. The legal ownership of the note was in *M'Nitt*, and the suit was therefore correctly brought on it in his name. 1 Chitt. Pl. 2 (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Liston* and *J. Morrison*, for the plaintiff.

*H. Cooper*, for the defendant.

(1) In general, the action on a contract express or implied, by parol, under seal, or of record, must be brought in the name of the person having the *legal interest* in the contract, and, generally, with his consent, or at least, after a sufficient indemnity has been tendered to him. 1 Chitt. Pl. 2.—3 Chitt. G. Pr. 127. Perhaps, as the person for whose use the suit is brought is in this state liable for costs, there is no occasion here for the consent, &c. above-mentioned. Stat. 1833, p. 113.—R. S. 1838, p. 458.