May Term, 1840.

FOOTE
v.
BRAGG.

———

FOOTE and Another *v.* BRAGG.

*Smith,* the payee of a promissory note, indorsed it thus, "Pay the bearer,— S. Smith," and delivered it to *A.* *Held,* that *A.* might erase the words "Pay the bearer," and insert in their place, over *Smith's* signature, a formal assignment to himself.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—Assumpsit by the assignees of a promissory note against the maker. Plea in bar, that *Smith,* the payee, assigned the note as follows, " Pay the bearer,—*S. Smith;*" and that the plaintiffs, without the knowledge or consent of *Smith* or of the defendant, erased the words, " Pay the bearer," and inserted in their place, over *Smith's* signature, a formal assignment to themselves. Replication, that *Smith* made the first indorsement, and delivered the note to the plaintiffs; that they were and still are the bearers and *bona fide* holders of the note; and that they had a right to make the alteration. General demurrer to the replication and judgment for the defendant.

The payee, by indorsing the note to the bearer, and delivering it to the plaintiffs as the bearers, must be considered as having indorsed the note to the plaintiffs. By the term bearer, as the replication shows, the plaintiffs were desig-

Tuesday, July 28.

May Term, 1840.

nated. The effect of the first indorsement was, therefore, the same with that of the second; and the alteration was not material.

The defendant relies on *M'Nitt* v. *Hatch*, 4 Blackf. 531. That case only decides, that the legal interest of a note payable to a certain person or bearer, cannot be transferred merely by delivery, unless it be payable at a chartered bank within the state. It has no application to the case before us.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiffs.

*C. B. Smith* and *J. S. Newman*, for the defendant.

