JAMISON *v.* JARRETT.

A justice of the peace, upon an appeal from his judgment to the Circuit Court, filed all the papers in the cause in the clerk's office, ten days before the first day of the term, except the cause of action, but omitted to file it till a few days afterward, and the cause was docketed for that term. The appellee moved that the cause should be stricken from the docket of that term and docketed for the ensuing term. *Held,* that the motion should have been sustained.

A suit upon a note, must, under the R. S. 1843, be brought in the name of the party having the legal interest.

A note payable to the payee or bearer, unless payable at a chartered bank within this state, can only be transferred, under the R. S. 1843, by indorsement.

ERROR to the *Delaware* Circuit Court.

ROACHE, J.—This was an action of debt commenced before a justice of the peace on the following note:

"Six months after date, I promise to pay *Spencer Lewis,* or bearer, the sum of 66 dollars and 66 cents, for value received, with interest from date. *June* 5, 1849. *Eli J. Jamison.*"

Upon the note was the following indorsement: "*Hiram E. Bowen.*" "Pay *Daniel Jarrett. June* 16, 1849. *Thomas Kirby.*"

On the third day of the term, being the day for which the cause was docketed for trial, and being the first term after the appeal had been taken, on the first calling of the cause, it appeared that all the papers in the cause had been filed in the clerk's office by the justice, more than ten days prior to the first day of the term, except the cause of action, which had not yet been filed. And thereupon the defendant below moved the Court that the cause be struck from the docket of the present term, and be docketed for trial at the then next ensuing term, on the ground that the cause of action, to-wit, the note sued on, with its indorsements, had not been filed ten days before the first day of the term. Which motion the Court overruled, and ordered the cause to remain on the docket, and stand for trial at the then present term.

Thereupon, on motion of the plaintiff below, the Court granted a rule against the justice to send up the original cause of action. On the fifth day of the term, the justice certified up the note with its indorsements above set out, as the only cause of action in the case. Upon the next calling of the cause, the defendant below moved to dismiss the suit for want of a sufficient cause of action, on the ground that the legal title in the note was still in *Lewis*, the payee, he never having assigned it to *Jarrett*, or to any one else, and that there was no declaration filed to show that *Jarrett* had any title to, or connection with, the note. The Court overruled the motion, the cause went to trial, the only evidence introduced by either party being the note and indorsements, and a judgment was rendered for the plaintiff for the amount of the principal and interest due on the note.

This judgment must be reversed on both grounds.

The Court should have sustained the defendant's motion to strike the cause from the docket of the then present term, and have directed it to be docketed for trial at the next ensuing term. See R. S. 1843, p. 890, s. 166.

The defendant's motion to dismiss the suit for want of a sufficient cause of action, should also have prevailed. A suit on a note must be brought in the name of the party having the legal interest. The legal interest in the note sued on, in the absence of any indorsement by *Lewis*, remains in him. The fact that the note is payable to *Lewis*, or bearer, makes no difference. Not being payable at a chartered bank within the state, it could be transferred only in the mode prescribed by the statute, that is, by indorsement. See *McNitt* v. *Hatch*, 4 Blackf. 531.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the plaintiff.

*T. J. Sample*, for the defendant.